

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| REBECCA CHATHAM, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 8-04-1857-HFF-BHH |
| § | |
| STATE FARM MUTUAL AUTOMOBILE § | |
| INSURANCE COMPANY, and § | |
| TERENCE HASSAN, § | |
| § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE, GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE
REMAINING STATE LAW CLAIMS

## I.     INTRODUCTION

In this action, Plaintiff asserts a Title VII claim of discrimination and state law claims for outrage and wrongful termination.  This matter is before the Court for review of the United States Magistrate Judge's report and  recommendation (report) in which she suggests that Defendants' motion for summary judgment be granted as to Plaintiff's Title VII claim.  The Magistrate Judge also recommends that this Court decline to exercise supplemental jurisdiction over the remaining state law claims.  The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Magistrate Judge Bruce Hendricks filed her report on April 14, 2005.[1] Plaintiff filed objections to the report on May 2, 2005. Defendants filed objections on May 3, 2005. The Court will review each of the objections in turn.

## III. PLAINTIFF'S OBJECTIONS

### A. Joint Employers

Plaintiff's first objection cites the Magistrate Judge's failure to recognize State Farm Mutual Automobile Insurance Company (State Farm) and its representative, Terence Hassan (Hassan), as joint employers. For purposes of the National Labor Relations Act, the Fourth Circuit has found two entities to be joint employers if one entity "possessed sufficient indicia of control over the work" of the other entity's employees. *NLRB v. Jewell Smokeless Coal Corp.,* 435 F.2d 1270, 1271 (4th Cir. 1970). Applying this standard to the instant case, Plaintiff's complaint fails to present the requisite indicia of control necessary to establish Defendants as joint employers. Plaintiff does cite instances displaying the congenial and cooperative relationship existing between State Farm and its

---

[1] The Magistrate Judge set forth the relevant facts and applicable standard of review in his report; they will not be repeated here.

representatives. None of these examples, though, suggest that State Farm controls the work of Hassan's employees.

Plaintiff compares the present situation to those involving temporary staffing agencies. According to Plaintiff, Title VII liability has been extended to temporary staffing agencies under the doctrine of loaned servant. *See generally* Restatement (Second) of Agency § 227 (1958)("A servant directed or permitted by his master to perform services for another may become the servant of such other in performing the services.").

Temporary agencies are a telling example of the loan servant principle; the staffing agency loans its employee to another employer, thus, transferring its liability with the employee. Plaintiff's comparison of temporary staffing agencies to the present case is misplaced, however, since temporary staffing agencies share work related decisions with the employer. In other words, both the staffing agency and the employer exercise control over the employee's work. The same cannot be said for the present case. For these reasons, this Court declines to find Defendants to be joint employers.

### B.   Agency Relationship

Plaintiff also argues that Hassan is State Farm's employee. The Fourth Circuit has summarized the principles of law used to determined whether an individual is an employee:

> When the person for whom services are performed retains the right to control the manner and means by which those services are to be accomplished[,] and particularly when that person provides supervision as to the details of the work, the workers are considered employees. Moreover, it is the right to control, rather than the actual exercise of control, that is significant.

*ARA Leisure Serv., Inc. v. NLRB*, 782 F.2d 456, 459 (4th Cir. 1986) (internal citations omitted). In defining the right to control requirement, the Supreme Court turned to the Restatement as its

"principal guidepost." *Clackamas Gastroenterology Ass'n, P.C., v. Wells*, 538 U.S. 440, 448 (2003).

The Restatement provides, in relevant part, that

[i]n determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:
(a)  the extent of control which, by the agreement, the master may exercise over the details of the work;
(b)  whether or not the one employed is engaged in a distinct occupation or business;
(c)  the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d)  the skill required in the particular occupation;
(e)  whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f)  the length of time for which the person is employed;
(g)  the method of payment, whether by the time or by the job;
(h)  whether or not the work is a part of the regular business of the employer;
(i)  whether or not the parties believe they are creating the relation of master and servant; and
(j)  whether the principal is or is not in business.

Restatement (Second) of Agency § 220 (1958).

The statements of Agent Field Executive Robert Joiner indicate that State Farm representatives buy and lease their own offices, furniture, equipment and supplies. (Joiner Decl. ¶ 5). Representatives also hire, fire, and supervise their employees. *Id.* Moreover, evidence suggests that it is the intention of the parties that the relationship be that of an independent contractor. *Id.* Though State Farm did provide compensation for certain expenses, the scale of its reimbursements are too insignificant to suggest that State Farm exerts control over the representatives' employment decisions. All these factors taken together suggest that State Farm has very limited control over the operations of its representatives. Hence, this Court finds Hassan to be an independent contractor enlisted for his services by State Farm. Accordingly, it is the opinion of this Court that, at the time of her maternity leave, Plaintiff was an employee of Roberts alone.

Plaintiff objects to the Magistrates Judge's failure to acknowledge the holding in *Spirt v. Teachers Ins. and Annuity Ass'n,* 691 F.2d 1054 (2d Cir. 1982). While the ruling of the Second Circuit is not binding in this circuit, this Court would not change its holding even if it were to apply the law of the Second Circuit. In the Second Circuit, a third party falls within the scope of Title VII only if that agent "significantly affects access of any individual to employment opportunities . . . ." *Id.* at 1063. Because the representatives are solely responsible for the hiring, firing, and supervising of employees, Hassan falls outside the scope of State Farm's employment as applied in *Spirt*.

**V.     DEFENDANTS' OBJECTIONS**

   *A.     Supplemental Jurisdiction*

Defendants object to the Magistrate Judge's recommendation that this Court decline to exercise jurisdiction over Plaintiff's state law claims. District courts have jurisdiction to hear matters of state law so long as the mater is related to "the same case or controversy" in which original jurisdiction exists. 28 U.S.C. § 1367(a) (2005). However, when the claim granting the district court original jurisdiction is dismissed, the district court "may decline to exercise supplemental jurisdiction" over the state law claim. 28 U.S.C. § 1367(c) (2005). The district court may also decline jurisdiction if the claim involves a "novel or complex issue of State law." *Id.* For the following reasons this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

   *1.     Wrongful Termination Claim*

Plaintiff seeks relief based on the South Carolina Supreme Court's recent ruling in *Hessenthaler v. Tri-County Sister Help, Inc.,* Op. No. 25650, 2004 S.C. LEXIS 251 (S.C. Oct. 18, 2004). In *Hessenthaler,* the Supreme Court held for the first time that "an employee working for an

entity employing less than 15 people may bring a discrimination claim in circuit court." *Id*. at *14. The Supreme Court, however, granted a petition for rehearing. *Hessenthaler v. Tri-County Sister Help, Inc.,* 2004 S.C. LEXIS 311 at *1 (S.C. Dec. 13, 2004). Hence, the principle relied upon by Plaintiff is yet to be the settled law of South Carolina. Section 1367(c)(1)'s grant of discretion to the district courts was designed for situations such as this. Given the grant of a rehearing, it is appropriate for this Court to decline supplemental jurisdiction over Plaintiff's *Hessenthaler* claim due to the novel issue of state law it presents.

### 2. *Outrage Claim*

Though Plaintiff's claim of outrage does not raise a novel issue of state law, this Court may still decline jurisdiction at its own discretion. *See* 28 U.S.C. § 1367(c). In so doing,"[t]he district court exercises its discretion by considering factors that include: 'convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.'" *Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999) (citing *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995)). It is the opinion of this Court that adjudicating two matters based on the same case or controversy in two separate courts would undermine judicial economy and create an inconvenience for the parties, and, thus, declines to exercise supplemental jurisdiction over this claim as well.

## VI.   CONCLUSION

Therefore, after a thorough review of the report and the objections and pursuant to the standard set forth above, the Court overrules Plaintiff's and Defendants' objections, adopts the report to the extent that it does not contradict this order and incorporates it herein. Accordingly, it is the judgment of this court that Defendants' motion for summary judgement with regards to the Title VII

cause of action be **GRANTED**.  Further, the Court **DECLINES** to exercise supplemental jurisdiction over the Plaintiff's state law causes of action.

**IT IS SO ORDERED.**

Signed this 14th day of July, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
